**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MCELROY,** | : | Civil Action No. 09-5475 (TMG) |
| Plaintiff | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| **FIVE STAR INTERNATIONAL, LLC.,** | : | |
| **JOHN A. SCHELER,** | : | |

### PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS OF DEFENDANTS

**JURY INSTRUCTION #1:**

**Third Circuit Model Civil Jury Instruction 1.6   Direct and Circumstantial Evidence**

**JURY INSTRUCTION #2:**

**Third Circuit Model Civil Jury Instruction 1.10   Preponderance of the Evidence**

**JURY INSTRUCTION #3:**

**Pa. SSJI (Civ) 16.00          EMPLOYMENT AT WILL--GENERALLY--WRONGFUL
                                DISCHARGE--BURDEN OF PROOF**

**JURY INSTRUCTION #4:  BURDEN OF PROOF**

Your verdict must be for the plaintiff and against the defendant on the plaintiff's retaliation claim if all the following elements have been proved:

*First*, the defendant believed plaintiff filed a claim with the Department of Labor and

*Second*, the defendant discharged the plaintiff; and

*Third,* the defendant's belief that plaintiff filed a claim with the Department of Labor was the determining factor in the defendant's decision to discharge the plaintiff.

In order to prove retaliation in violation of 29 USCS 215(a)(3), the plaintiff must prove that the termination would not have occurred but for the Defendant's belief that he had filed a claim with the Pennsylvania Department of Labor.

If any of the above elements has not been proved, your verdict must be for the defendant and you need not proceed further in considering this claim.


CITATION OF AUTHORITY:
Reich v. Davis, 50 F.3d 962, 1995 U.S. App. LEXIS 9573
Eighth Circuit Model Civil Jury Instruction 5.61 - Modified
Lafate v. Chase Manhattan Bank, 123 F. Supp. 2d 773; 2000 U.S. Dist. LEXIS 19655
Woodyatt v. Bethlehem Steel Corporation, 1996 U.S. Dist. LEXIS, 12974; 72 Fair Empl. Prac. Cas. (BNA) 1662
Kanida v. Gulf Coast Med. Pers. Lp. (2004, CA5 Tex) 363 F3d 568

**JURY INSTRUCTION #5:**

The Fair Labor Standards Act's protections only extend to an employee who brings a complaint, regardless of merit, as long as the complaint is based on a good faith belief that the employer's conduct was illegal.


CITATION OF AUTHORITY:
*Love v. Re/Max of America,* 738 F.2d 383, 387 (10th Cir. 1984)
Brennan v. Maxey's Yamaha, Inc., 1974 U.S. Dist. LEXIS 9554
Nairene v. Manzo 1987 U.S. Dist. LEXIS 2723 (ED.PA) citing Love v. Re/Max of America, 738 F.2d 383, 387 (10th Cir. 1984).

**JURY INSTRUCTION #6:**

In order to discredit an employer's reason for the termination, the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute is whether the retaliatory animus motivated the employer, not whether the employer is wise, shrewd, prudent or competent.  Rather, Plaintiff must demonstrate such weaknesses, implausibilities, incoherencies or contradictions in the employer's proffered legitimate reason for its action that a reasonable fact finder could rationally find them "unworthy of credence," and hence infer that the employer did not act for the asserted nondiscriminatory reasons

CITATION OF AUTHORITY:
Fuentes v. Perskie, 32 F. 3d 759, 763 -765(3d Cir. 1994)
Cange v. Phila. Parking Auth. 2009 U.S Dist. Lexis 101096
107 Fair Empl. Prac. Cas. (BNA) 1402.

**JURY INSTRUCTION #7:  INTRODUCTION ON DAMAGES INSTRUCTION**

It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on Plaintiff's claim of discharge based on retaliation, you must determine Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant.

Plaintiff has the burden of proving damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

CITATION OF AUTHORITY:
42 U.S.C. §2000e-5(g)(1);
NINTH CIRCUIT MODEL CIVIL JURY INSTRUCTION 7.1 (modified).

**JURY INSTRUCTION #8:**
**Modified**
**Third Circuit Model Civil Jury Instruction 5.4.1 [Title VII Damages] - Compensatory Damages**

**JURY INSTRUCTION #9:  FAILURE TO MITIGATE**

A plaintiff has a duty to mitigate damages.  The burden of proving a failure to mitigate is the defendant's.  The usual means of proving a failure to mitigate is by proving that there was substantially equivalent work available to that previously held by the plaintiff and that the plaintiff failed to exercise reasonable diligence to obtain it.


CITATION OF AUTHORITY:
McKenna, et al. v. City of Philadelphia, 636 F. Supp. 2d 446; 2009 U.S. Dist LEXIS 57955

**JURY INSTRUCTION #10:**
**Modified**
**Third Circuit Model Civil Jury Instruction 5.4.2 [Title VII Damages] - Punitive Damages**

**JURY INSTRUCTION #11:       BACK PAY**

If you find that Plaintiff has proven his claim of discrimination by a preponderance of the evidence, you may award him as damages any lost wages and benefits he would have received from Defendant if he had not been discharged, minus the earnings and benefits that Plaintiff received from other employment during that time. It is Plaintiff's burden to prove that he lost wages and benefits and the amount. If he fails to do so for any periods of time for which he seeks damages, then you may not award damages for that time period.

CITATION OF AUTHORITY:
42 U.S.C. §2000e-5(g)(1);
FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT (2005), Instruction 3.11.

Respectfully submitted,
**HENDRZAK & LLOYD**

/s/ William E. Dengler
WILLIAM E. DENGLER, ESQUIRE
Attorney for Defendants Five Star
International LLC. and John A. Scheler
Attorney I.D. No.:  72696
3701 Corporate Center Parkway, Suite 100
Center Valley, Pennsylvania  18034
(610) 709-8705
(610) 709-8560 (fax)

Dated:  February 21, 2011